IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

TOMMY E. PORTER                                                                                    PLAINTIFF

V.                                                                    CAUSE NO.: 1:12CV001-SA-DAS

DOMTAR PAPER COMPANY, LLC                                                          DEFENDANT

MEMORANDUM OPINION

Plaintiff filed this cause of action on January 3, 2012, alleging racial discrimination in disciplinary actions taken against him by his employer, Domtar Paper Company in Columbus, Mississippi. Domtar filed a Motion to Dismiss [4] alleging that Tommy Porter executed a release of liability for all claims arising out of his employment or separation from employment as part of his severance when the Columbus Mill shut down. Because that Separation Agreement and Release is valid and binding, and Plaintiff failed to overcome his burden of proving duress, the Court GRANTS the Motion to Dismiss[4].

*Factual and Procedural Background*

On March 23, 2010, Domtar mailed letters to employees at its Columbus Mill regarding the closing of that plant. Attached to the letter was a Separation Agreement and Full Release of All Claims, which the letter instructed should be completed and returned within forty-five days in order to receive benefits available under the severance package. For Tommy Porter, Domtar offered a lump sum payment of $30,905 less standard payroll deductions, for his waiver of "all actions, claims and liabilities of any kind arising out of either my employment with the Company or my separation from employment." The agreement further states:

> This Release includes (but is not limited to) any rights or claims I may have under . . . Title VII of the Civil Rights Act of 1964, which prohibits discrimination in employment based on race, color, national origin, religion or sex . . . or any other federal, state or local laws or regulations prohibiting

> employment discrimination. This also includes a release of any claims for wrongful discharge arising from my separation of employment and any claims under any severance plan. This release includes both claims that I know about and those I may not know about.

Tommy Porter signed the Separation Agreement and Full Release of All Claims on April 20, 2010. On July 22, 2010, Porter filed a Charge of Discrimination with the EEOC alleging he was racially discriminated against while employed at Domtar. Domtar seeks to dismiss this cause of action as being precluded by the Release and Severance Agreement executed by Porter.

*Motion to Dismiss Standard*

"The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff." Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010) (citing In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007)). Of course, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The court must not evaluate the likelihood of the claim's success, but instead ascertain whether the plaintiff has stated a legally cognizable claim that is plausible. Lone Star Fund, 594 F.3d at 387 (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

*Discussion and Analysis*

The release of federal claims is governed by federal law. Rogers v. Gen. Elec. Co., 781 F.2d 452, 454 (5th Cir. 1986). Public policy favors voluntary settlement of claims and enforcement of releases. Williams v. Phillips Petroleum Co., 23 F.3d 930, 935 (5th Cir. 1994). However, a release of an employment or employment discrimination claim is valid only if it is "knowing" and "voluntary." Alexander v. Gardner-Denver Co., 415 U.S. 36, 52 n.15, 94 S. Ct. 1011, 39 L. Ed. 2d 147 (1947). Once a party establishes that the plaintiff signed a release that

2

addresses the claims at issue, received adequate consideration, and breached the release, the plaintiff has the burden of demonstrating that the release was invalid because of fraud, duress, material mistake, or some other defense. Williams, 23 F.3d at 935. The court must then "examine the totality of circumstances to determine whether the releaser has established an appropriate defense." O'Hare v. Global Natural Resources, Inc., 898 F.2d 1015, 1017 (5th Cir. 1990).

Porter does not dispute that he signed the Separation Agreement and Full Release of All Claims. Nor does he dispute that he received the severance benefits as stated in that document. Plaintiff, however, contends that the Severance Agreement and Release is void as it was not supported by consideration and that he signed the document under duress.

Porter asserts that Domtar's predecessor, Weyerhauser, promised severance benefits upon downsize or shutdown in the employee handbook when he was hired. Therefore, any severance benefits provided in Domtar's shutdown would not be additional consideration for a valid release. Porter's claim that prior handbooks by prior employers promised severance benefits is unsubstantiated. Plaintiff presented no proof that any such promises were made. Moreover, Plaintiff has failed to show how or why Domtar could be held to that promise even if it were made.

Porter claims the Separation Agreement and Release should be voided as he was under emotional duress during the time he signed the document due to the prior discrimination he was subjected to in February. Again, Plaintiff has presented no proof of duress in entering into the contract. See Chen v. Applied Materials, Inc., 87 F. App'x 995, 997 (5th Cir. 2004) (finding no duress where release stated in plain language that employee was releasing all claims as a condition of the severance payment, he had 45 days to review the release, and was advised to

3

consult an attorney before signing). The Court finds it pertinent that Porter's last day of work at the Columbus Mill was on April 19, and he signed the Agreement on April 20. Thus, to the extent that Porter argues he was under the duress of losing his job, the Court notes that he was, at the time he signed the agreement, without a job. Porter's arguments about intimidation and coercion in his job are merely that, unsubstantiated argument.

Here, the Release is clear, simple and easily understood. The Release precludes all claims arising out of his employment with Domtar or his separation from employment. The Release specifically mentions Title VII, and further clarifies that that includes all claims of discrimination in employment based on race, color, national origin, religion or sex. The Release encourages employees to consult with lawyers and financial advisors prior to signing, and allows forty-five days to consider the terms, and even allows a seven day window to revoke acceptance.

Accordingly, the Release signed by Tommy Porter was entered knowingly and voluntarily and is valid and binding.

*Conclusion*

Porter executed a valid release waiving all Title VII claims against Domtar. Accordingly, Domtar's Motion to Dismiss [4] is GRANTED, and Plaintiff's claims are DISMISSED.

SO ORDERED, this the 18th day of January, 2013.

                                                                  **/s/ Sharion Aycock**
                                                                  **U.S. DISTRICT JUDGE**